IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ELIJAH GALARZA FLORES
xxx-xx-4115

DEBTOR

CASE NO. 24-01103 ESL

CHAPTER 13

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
## AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **ELIJAH GALARZA FLORES,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1. The Debtor is hereby submitting an *Amended Chapter 13 Plan*, dated May 29th, 2024, herewith and attached to this motion.

2. The Plan is amended to modify **Part 4, Section 4.4 to provide for the correct amount owed to IRS as per its priority Claim No. 10-1 ($4,566.97), in the present Chapter 13 case.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the debtors and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE

**You are notified that within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 29th day of May, 2024.

/s/Roberto Figueroa Carrasquillo
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re: GALARZA FLORES, ELIJAH

Case No.: 24-01103-13

Chapter 13

xxx-xx-4115
xxx-xx-

☑ Check if this is a pre-confirmation amended plan.

☐ Check if this is a post confirmation amended plan
Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** _05/29/2024_ .

☑ If this is an amended plan, list below the sections of the plan that have been changed.
4.4

PART 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| | | | | |
|---|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

### PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $135.00 | 35 | $4,725.00 | |
| $360.00 | 25 | $9,000.00 | Reason for Plan step-up: The car loan (2018 Camry) with PenFed matures in March/2027 |
| Subtotals | 60 | $13,725.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 Income tax refunds:

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 Additional payments:

*Check one.*

☑ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### PART 3: Treatment of Secured Claims

3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Pentagon FCU | 2018 Toyota Camry VIN: 4T1B11HK2JU004655 | $383.00 | $100.00 | 0.00% | Pro-Rata | $100.00 |
| | | Disbursed by: ☐ Trustee ☑ Debtor(s) | | _____ Months | Starting on Plan Month _____ | |

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one:*

☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

### PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one:*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---:|
| Attorney's fees paid pre-petition: | $1,322.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $2,678.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in **$4,566.97**.

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---:|
| Internal Revenue Services | $4,566.97 |

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of _____.

☐ _____ of the total amount of these claims, an estimated payment of _____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately _____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3 **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 Property of the estate will vest in the Debtor(s) upon

*Check the applicable box.*

☑ Plan confirmation
☐ Entry of discharge
☐ Other: _____

7.2 **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.2 This Section modifies LBF-G Part 3: retention of Lien:**
   The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

2. **8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the Plan:**
   Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

3. **8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**

   Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Banco Popular de PR (BPPR) as to collateral a real property located in Portal del Sol Development San Lorenzo Puerto Rico. The mortgage loan is being paid directly to BPPR by co-signer/co-debtor of said mortgage loan Damarys Figueroa. The Trustee will make no disbursements to secured creditor BPPR, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

4. **8.5 This Provision Supplements Part 3 to provide for the Lifying of the 362(a) Stay:**

   Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Pentagon Federal Credit Union (PenFed) as to collateral a 2019 Dodge Ram 1500. The car loan is being paid directly to PenFed by 3rd party. The Trustee will make no disbursements to secured creditor PenFed, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

5. **8.6 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**

   Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Freedom Road Financial as to collateral a 2020 KTM 390 Duke. The motorcycle loan is being paid directly to Freedom Road Financial by 3rd party. The Trustee will make no disbursements to secured creditor Freedom Road Financial, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

**PART 9: Signature(s)**

| /s/ Roberto Figueroa Carrasquillo | Date 05/29/2024 |

Signature of Attorney for Debtor(s)

Date _____

Date _____

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing          BANCO POPULAR DE PR                      POPULAR AUTO
0104-3                                   PO BOX 362708                            PO BOX 366818
Case 24-01103-ESL13                      SAN JUAN, PR 00936-2708                  SAN JUAN, PR 00936-6818
District of Puerto Rico
Old San Juan
Wed May 29 07:17:41 AST 2024

US Bankruptcy Court District of P.R.     (p)ABSOLUTE RESOLUTIONS CORPORATION      Banco Popular de Puerto Rico
Jose V Toledo Fed Bldg & US Courthouse   8000 NORMAN CENTER DRIVE SUITE 350       PO Box 362708
300 Recinto Sur Street, Room 109         BLOOMINGTON MN 55437-1118                San Juan, PR 00936-2708
San Juan, PR 00901-1964

Cavalry Portfolio Services               Cavalry SPV I, LLC                       Discover Bank
Attn: Bankruptcy Attn: Bankruptcy        PO Box 4252                              Discover Products Inc
500 Summit Lake Drive , Suite 400        Greenwich, CT 06831-0405                 PO Box 3025
Vahalla, NY 10595-2321                                                            New Albany, OH 43054-3025

Discover Financial                       Freedom Road Financial                   FreedomRoad Financial
Attn: Bankruptcy                         Attn: Bankruptcy Attn: Bankruptcy        10509 Professional Circle Ste 100
PO Box 3025                              10509 Professional Circle , Suite 100    Reno, NV 89521-4883
New Albany, OH 43054-3025                Reno, NV 89521-4883

(p)INTERNAL REVENUE SERVICE              Midland Credit Mgmt                      Miguel A Maza & Associates LLC
CENTRALIZED INSOLVENCY OPERATIONS        Attn: Bankruptcy                         Lcdo Miguel A Maza
PO BOX 7346                              PO Box 939069                            PO Box 364028
PHILADELPHIA PA 19101-7346               San Diego, CA 92193-9069                 San Juan, PR 00936-4028

POPULAR AUTO                             PenFed Credit Union                      Pentagon FCU
BANKRUPTCY DEPARTMENT                    1001 N Fairfax St                        Attn: Bankruptcy
PO BOX 366818                            Alexandria, VA 22314-1797                PO Box 1432
SAN JUAN PUERTO RICO 00936-6818                                                   Alexandria, VA 22313-1432

Quantum3 Group LLC as agent for          Security Credit Services                 Syncb/Rooms To Go
Sadino Funding LLC                       Attn: Bankruptcy                         Attn: Bankruptcy
PO Box 788                               PO Box 1156                              PO Box 965060
Kirkland, WA 98083-0788                  Oxford, MS 38655-1156                    Orlando, FL 32896-5060

ELIJAH GALARZA FLORES                    JOSE RAMON CARRION MORALES               MONSITA LECAROZ ARRIBAS
PMB 367 PO BOX 1283                      PO BOX 9023884                           OFFICE OF THE US TRUSTEE (UST)
SAN LORENZO, PR 00754-1283               SAN JUAN, PR 00902-3884                  OCHOA BUILDING
                                                                                  500 TANCA STREET SUITE 301
                                                                                  SAN JUAN, PR 00901

ROBERTO FIGUEROA CARRASQUILLO
PO BOX 186
CAGUAS, PR 00726-0186
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Absolute Resolutions
Attn: Bankruptcy 8000 Norman Center Dr &
Bloomington, MN 55437

(d)Absolute Resolutions Investments, LLC
c/o Absolute Resolutions Corporation
8000 Norman Center Drive, Suite 350
Bloomington, MN 55437

Internal Revenue Services
PO Box 21126
Philadelphia, PA 19114-0326

End of Label Matrix
Mailable recipients    24
Bypassed recipients     0
Total                  24